The Honorable Tracy Pennartz State Representative Post Office Box 11551 Fort Smith, Arkansas 72917
Dear Representative Pennartz:
I am writing in response to your request for an opinion regarding A.C.A. §§ 14-169-209 and 14-169-210 (Repl. 1998). You ask nine questions, some of which I have combined and paraphrased:
 1. If a municipality creates a housing authority pursuant to A.C.A. § 14-169-207, what, if any, control does the municipality have over the housing authority?
 2. Can a municipality apply its formally adopted Code of Business Conduct to the housing authority and its board members?[1]
 3. If so, can such Code of Business Conduct be more stringent than the applicable Arkansas statute?
 4. Under applicable Arkansas statutes, is a housing authority required to adopt its own Code of Ethics or Code of Business Conduct? If so, can the housing authority's code be less stringent than the municipality's code?
 5. Assume a housing-authority commissioner owns property situated on a site where a proposed housing-authority project may be built. If *Page 2 
that commissioner participates in the discussions about whether to approve the proposed project, does that commissioner violate A.C.A. § 14-169-209?
 6. Assume a housing-authority commissioner owns property situated on a site where a proposed housing-authority project may be built. If that commissioner failed to inform the board of this fact — in writing — would A.C.A. § 14-169-209 have been violated?
 7. Assume a housing-authority commissioner owns residential property situated across the street from a proposed housing-authority project. Does the ownership of that property constitute a "conflict of interest" pursuant to A.C.A. § 14-169-209?
RESPONSE
As for your first question, municipalities have limited direct control and limited indirect control over housing authorities. Some of these controls are described in more detail below. In my opinion, the answer your second question is "no," which renders your third question moot. The answer to your fourth question is "no." The answer to your fifth question is unclear. The answers to your sixth and seventh questions are "yes" and "no," respectively.
DISCUSSION Question 1: If a municipality creates a housing authoritypursuant to A.C.A. § 14-169-207, what, if any, control does themunicipality have over the housing authority?
Cities have some limited direct control over certain aspects of the housing authorities and the cities have indirect control. The direct powers are varied. For example, cities may appoint certain number of commissioners to the initial housing authority (14-169-208(a)(2)(A)) and the city may remove a commissioner for misconduct (14-169-210(a)). The indirect control appears broader because housing authorities are subject to all laws governing the locality in which the authority is operating: "All housing projects of a housing authority shall be subject to the planning, zoning, sanitary, and building laws, ordinances, and regulations *Page 3 
applicable to the locality in which the housing project is situated." A.C.A. § 14-169-205(a) (Repl. 1998).
Question 2: Can a municipality apply its formally adoptedCode of Business Conduct to the housing authority and its boardmembers?
Nothing in A.C.A. §§ 14-169-209 and -210 permits the municipality to require a housing authority abide by a "Code of Business Conduct." As noted above, the municipality has limited direct control over housing authorities. Most of these direct controls pertain to the creation and initial staffing of the authority. None of the direct controls specifically permits the municipality to require the housing authority to abide by a code of business conduct. As also noted above, housing authorities are subject to some indirect control from the municipality. Specifically, housing authorities are "subject to all local laws governing the planning, zoning, sanitary, and building laws, ordinances, and regulations applicable to the locality in which the housing project is situated." A "formally adopted Code of Business Conduct" does not appear to fit one of these categories of laws to which a housing authority is subject.
Question 3: If so, can such Code of Business Conduct be morestringent than the applicable Arkansas statute?[2]
Given my response to your second question, this question is moot.
Question 4: Under applicable Arkansas statutes, is a housingauthority required to adopt its own Code of Ethics or Code ofBusiness Conduct? If so, can the housing authority's code be lessstringent than the municipality's code?
No statute found in A.C.A. §§ 14-169-201 to 14-169-240 requires the adoption of such a code.
Question 5: Assume a housing-authority commissioner ownsproperty situated on a site where a proposed housing-authorityproject may be built. If that commissioner participates in thediscussions about whether to approve the proposed project, doesthat commissioner violate A.C.A. § 14-169-209? *Page 4 
In my opinion, the answer to your question is unclear. Section 14-169-209 states:
 (a) No commissioner or employee of a housing authority shall acquire any interest, direct or indirect, in any housing project or in any property included or planned to be included in any project, nor shall he have any interest, direct or indirect, in any contract or proposed contract for materials or services to be furnished or used in connection with any housing project.
 (b)(1) If any commissioner or employee of an authority owns or controls an interest, direct or indirect, in any property included or planned to be included in any housing project, he immediately shall disclose it, in writing, to the authority. The disclosure shall be entered upon the minutes of the authority.
 (2) Failure so to disclose an interest shall constitute misconduct in office.
Your factual assumptions trigger subsection (b). As such, subsection (b) requires the commissioner to disclose his or her property interest in writing. The statute is silent on whether the commissioner must abstain from discussing whether to approve the planned development.
Question 6: Assume a housing-authority commissioner ownsproperty situated on a site where a proposed housing-authorityproject may be built. If that commissioner failed to inform theboard of this fact — inwriting — would A.C.A. § 14-169-209 have been violated?
Yes. As indicated in the above quoted section, if commissioners have a property interest that is subject to subsection 14-169-209(b), they must disclose that interest "in writing" to the housing authority.
Question 7: Assume a housing-authority commissioner ownsresidential property situated across the street from a proposedhousing-authority project. Does the ownership of that propertyconstitute a "conflict of interest" pursuantto A.C.A. § 14-169-209? *Page 5 
No. Before A.C.A. § 14-169-209 even applies to a given commissioner's property interest, a threshold requirement is that the commissioner's property fall within the footprint of the property "included or planned to be included in any [housing-authority] project." By describing the commissioner's property as "across the street from a proposed housing-authority project," I assume you mean the commissioner's property is not included within the footprint of a housing authority project (or proposed project). Therefore, under your factual assumption, section 14-169-209 is not triggered.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General DM/RO:cyh
[1] To be consistent with the relevant statutes, where your questions use the term "board members," I have substituted the term "commissioners."
[2] The introductory portion of your opinion request indicates that your questions concern the "`conflict of interest" provisions of A.C.A. [§§ ] 14-169-209 and 210." Thus, I interpret your phrase "applicable Arkansas statute[s]" to mean these two statutes.